**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHRISTOPHER GEORGE CHRISTOS;
ROBERT L. BAILEY, JR.; JAMES M.
POPE; LORIN W. ROSS; GEORGE A.
KRIST; ALAN M. SCHWARTZMAN;
JAMES O. SLOAN; MICHAEL COHEN,
              *Plaintiffs-Appellants,*

              v.                                            No. 00-2007

WESTINGHOUSE SAVANNAH RIVER
COMPANY,
              *Defendant-Appellee.*

RICHARD E. SEIF,
              *Movant.*

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CA-98-3454-1-22)

Argued: May 9, 2001

Decided: June 15, 2001

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge,
and Arthur L. ALARCON, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Richard E. Miley, North Augusta, South Carolina, for Appellants. Steven Mark Wynkoop, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Greenville, South Carolina, for Appellee. **ON BRIEF:** William H. Foster, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In connection with an economically driven decision by Westinghouse Savannah River Company ("Westinghouse") to lay off part of its workforce — the details of which we discussed in our earlier, related decision, *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420 (4th Cir. 2000) — Westinghouse offered those workers selected for layoff who met certain pension eligibility requirements the option either "to receive a lump-sum severance payment or a special retirement option, but not both." *Id.* at 423. Specifically, upon receiving notification that they would be laid off as of February 1997, eligible workers could choose to be laid off earlier, in December 1996, in which case they would immediately receive full pension benefits but would not receive a severance payment, or they could choose not to be laid off until February, in which case they would receive a severance payment but not full pension benefits until they attained the age of 65. *See id.* at 423-24.

In this case, certain laid-off workers challenge the choice offered them on precisely the same grounds as did the plaintiff in *Stokes*. The plaintiffs here allege only one additional fact not raised in *Stokes* — that only those workers whose combined age and length of service with Westinghouse made them eligible for the choice between an

accelerated pension benefit and a severance payment were selected for layoff. While this selection criterion might provide the basis for a viable claim under the Age Discrimination in Employment Act ("ADEA"), *see Stokes*, 206 F.3d at 429-31; *cf. Hazen Paper Co. v. Biggins*, 507 U.S. 604, 613 (1993), the plaintiffs do not assert such a claim nor did they present facts to support such a claim. Rather these plaintiffs, unlike the plaintiff in *Stokes*, seek only to obtain a severance payment *in addition to* the enhanced pension benefit they selected when they opted to leave in December 1996 rather than in February 1997. Yet, we have already held that offering workers the choice of foregoing the severance payment in exchange for an enhanced pension benefit is not illegal. *See Stokes*, 206 F.3d at 428.

Moreover, even if the plaintiffs had asserted a claim under the ADEA based on their selection by reason of age and were successful in proving it, they would never be entitled to the relief they seek, i.e., a severance payment in addition to the enhanced pension benefit they selected. Instead, the plaintiffs would have only been entitled to that amount which would restore them to the positions they would have had had they not been laid off, i.e., their "benefits [would] have to be recomputed" to take into account both the amounts lost as a result of the wrongful termination and those amounts gained from the pension benefit received as a result of the termination. *Id*. Under no circumstances, however, would these plaintiffs be entitled to a severance payment that would provide them with a windfall.

Regardless of whether Westinghouse's choice to terminate any particular worker was age-related, it remains true that "Westinghouse Savannah did not discriminate against [the employees] because of [their] age[s] when it provided [them], at the time of [their] layoff[s], a choice between the special retirement option and a severance benefit." *Id*. Thus, the offset *itself* was legal, and the plaintiffs would never be entitled to severance pay as a remedy for any separate claim of age discrimination that they might have brought based on the decision to select for layoff only older workers who could be presented with a pension benefit/severance payment option.

Finally, the plaintiffs also challenge the district court's decision disposing of their South Carolina civil conspiracy claim in favor of Westinghouse. To the extent that we have already concluded that

there was no illegal action on the part of Westinghouse in providing the employees a choice of benefits, there can be no conspiracy. And to the extent there may have been an illegal action that is not covered by the plaintiffs' other claims in this case — e.g., that the selection decision was made in violation of the ADEA — the plaintiffs suffered no "special damages," as required by South Carolina law. *See First Union Nat'l Bank v. Soden*, 511 S.E.2d 372, 383 (S.C. Ct. App. 1998). The plaintiffs argue that the three-month pay that they opted not to take in order to receive the enhanced pension benefit should be considered damages. But obviously the plaintiffs chose to forego these three months of pay precisely because they stood to gain far more from the additional pension benefits than they stood to lose from the loss of pay. Indeed, the record suggests that, far from suffering any damages, the plaintiffs actually benefited financially from Westinghouse's decision to offer pensions enhanced by their acceleration in lieu of severance pay.

For these reasons, we affirm the district court's decision granting summary judgment in favor of Westinghouse as to all of plaintiffs' claims.

*AFFIRMED*